UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

WILLIAM BRYANT,

    Plaintiff,

v.                                Case No. 5:13cv343/RS/CJK

UNLIMITED PATH, INC.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

The plaintiff, a *pro se* prisoner proceeding *in forma pauperis*, removed this matter to this court on October 9, 2013 (doc. 1), from the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida.[1]  In an order entered on October 21, 2013, the court questioned the propriety of removal on a number of bases (doc. 3). In a subsequent order, entered on January 9, 2014, the court directed the plaintiff to show cause within thirty days why the case should not be remanded or dismissed for lack of subject matter jurisdiction (doc. 8).  The court advised the plaintiff that 28 U.S.C. § 1441 expressly contemplates removal by a defendant and not by a plaintiff. The court further advised that, based on a review of the state court record, it appeared

---

[1]The plaintiff removed the matter almost one month after the state court dismissed it.  *See* doc. 6.

that the plaintiff removed the matter after it had been dismissed in the state court and that there no longer existed a live case or controversy. In response to the court's order, the plaintiff filed a Restatement of Case and Jurisdiction Brief (doc. 10), in which he essentially reiterated the allegations in his complaint and cited a number of cases, statutes, and constitutional provisions.

As a general rule, only the defendant can remove a case to federal court. The statutory provisions governing removal of cases from state courts are contained in 28 U.S.C. §§ 1441-1453. The plain language of these provisions states that only the defendant or defendants are entitled to remove an action. 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed *by the defendant or the defendants*, to the district court of the United States. . . .") (emphasis added); *see also* 28 U.S.C. § 1442(a) and (b), § 1442a, § 1443. Moreover, section 1446 discusses the removal procedure in the exclusive context of removal by a defendant or defendants. 28 U.S.C. § 1446. And binding federal decisional law recognizes that only defendants may remove an action from state court to federal court. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) ("When a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant or defendants may remove the action to federal court. . . ."); *Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1048 (11th Cir. 2001) ("The defendants' right to remove a case is their right alone."); *accord Yakama Indian Nation v. State of Wash. Dep't of Revenue*, 176 F.3d 1241, 1248 (9th Cir. 1999) ("The right to remove a case from state to federal court is vested exclusively in 'the defendant or the defendants . . .' 28 U.S.C. § 1441(a)."); *Conner v. Salzinger*, 457 F.2d 1241, 1243 (3d Cir. 1972) ("It is settled that the cited removal statutes confine the right of removal

from a state court to a federal district court to a defendant or defendants."); *Guttman v. Silverberg*, 374 F. Supp .2d 991, 993 (D. N.M. 2005) ("Guttman is a plaintiff and is not entitled to remove this case to federal court."); *Seminole Cnty. v. Pinter Enters., Inc.*, 184 F. Supp. 2d 1203, 1207 (M.D. Fla.2000) ("[O]nly defendants may remove an action from state to federal court."); 14B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3723 (3d. ed. 1998) ("[A] cardinal rule is that only defendants may remove. . . .").

As the court observed in *Morris v. James*, No. 2:11cv1051TMH, 2011 WL 7069452, at *1 (M.D. Ala. Dec. 15, 2011), "[t]he process of removing a case from state to federal court was statutorily created to permit a *defendant* to substitute a forum of his or her own choosing that has jurisdiction." *Id.* (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104-05 (1941) (emphasis in original).  "The removal statutes intentionally 'restrict the right [of removal] to the party who had no choice of forum.'" *Id.* (quoting *Victorias Milling Co. v. Hugo Neu Corp.*, 196 F. Supp. 64, 68 (S.D. N.Y.1961), and citing *Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 644 (2nd Cir. 1993), for the proposition that "'the [district] court was correct in its observation that there was no authority permitting [plaintiff] to remove his own action to federal court'").  Because the plaintiff lacked authority to remove this action under 28 U.S.C. § 1441(a), removal was improper and the court lacks jurisdiction.  Morever, because the matter was dismissed by the state court prior to removal, the undersigned finds that dismissal, rather than remand, is the appropriate remedy.

Accordingly, it is respectfully RECOMMENDED:

1. That this matter be dismissed for lack of jurisdiction.

2. That the Clerk be directed to close the file.

At Pensacola, Florida this 3rd day of April, 2014.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).